**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **AP ALTERNATIVES, LLC,** | **CASE NO. 5:18-CV-01748** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **ROSENDIN ELECTRIC, INC., et al.,** | |
| **Defendants.** | **MEMORANDUM OF OPINION AND ORDER** |

This matter comes before the Court upon Plaintiff AP Alternatives, LLC's Motion for Rule 54(b) Certification, filed July 13, 2020. (Doc. No. 69.) Defendants NextEra Energy Services Ohio, LLC, NextEra Energy Solutions, LLC, DG AMP Solar LLC (collectively, the "NextEra Defendants"), and Rosendin Electric, Inc. ("Rosendin") filed an Opposition on July 27, 2020, to which Plaintiff AP Alternatives, LLC ("APA") replied on August 10, 2020. (Docs. No. 72, 74.) For the following reasons, APA's Motion is DENIED.

**I.  Background**

The facts of this case are set forth in this Court's May 18, 2020 Opinion and Order Granting Rosendin's Partial Motion to Dismiss and the NextEra Defendants' Motion to Dismiss. (Doc. No. 62 at PageID# 995-98.) Essentially, APA brought claims against the NextEra Defendants and Rosendin following a dispute over the costs of some unexpected excavation related to the NextEra Defendants' construction of a solar energy facility in Orrville, Ohio. (*Id.* at PageID# 997.) On August 20, 2019, APA filed a Second Amended Complaint setting forth claims against the NextEra Defendants, Rosendin, and Federal Insurance Company. (*Id.* at PageID# 998-99.) With respect to the NextEra Defendants and Rosendin, APA brought four claims: (1) action on account, (2)

reformation of contract due to mutual mistake of fact, (3) breach of contract, and (4) unjust enrichment. (*Id.*) On September 3, 2019, Rosendin filed a Partial Motion to Dismiss, seeking to dismiss APA's second and fourth claims. (*Id.*) On the same day, the NextEra Defendants moved to dismiss all claims against them for failure to state a claim. (*Id.* at PageID# 999.)

On May 18, 2020, the Court granted Rosendin's Partial Motion to Dismiss and the NextEra Defendants' Motion to Dismiss. (*Id.* at PageID# 1011.) APA now seeks to appeal this Court's dismissal of the NextEra Defendants. (Doc. No. 69-1 at PageID# 1050.) To accomplish this, APA filed a Motion for Rule 54(b) Certification and accompanying Memorandum in Support on July 13, 2020, asking this Court "to certify as final its Memorandum of Opinion and Order" as to its dismissal of all claims against the NextEra Defendants. (Docs. No. 69, 69-1.) Rosendin and the NextEra Defendants filed an Opposition to APA's Motion for Rule 54(b) Certification on July 27, 2020. (Doc. No 72.) APA replied in support of its Motion on August 10, 2020. (Doc. No. 74.) Thus, APA's Motion is now ripe for consideration.

**II.   Analysis**

Fed. R. Civ. P. 54(b) provides, in pertinent part, that:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). The Sixth Circuit has held that Rule 54(b) certification requires a two-part analysis. *Gen. Acquisition, Inc. v. GenCorp., Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994). "First, the district court must expressly direct the entry of final judgment as to one or more but fewer than all the claims or parties in a case. Second, the district court must express[ly] determin[e] that there

2

is no just reason to delay appellate review." *Id.* (internal quotations omitted). The first prong is satisfied "where some decision made by the district court ultimately disposes of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action." *Id.* at 1026-27. The second prong requires courts to find that there is no just reason to delay appellate review. *Id.* at 1027. Rule 54(b) "relaxes the traditional finality requirement for appellate review" but it does not "tolerate immediate appeal of every action taken by a district court." *Id.* at 1026. Rather, Rule 54(b) certification is reserved for "infrequent harsh cases." *Id.* at 1027. It is "not to be used routinely . . . or as a courtesy or accommodation to counsel." *Corrosioneering, Inc. v. Thyssen Envt'l. Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (internal citations omitted).

"To satisfy the first requirement for a multi-party action such as this one, the district court must completely dispose of the claims against at least one party." *Reed v. Gulf Coast Enterprises*, No. 3:15-CV-00295-JHM, 2016 WL 3963187, at *8 (W.D. Ky. July 21, 2016) (citing *Gen. Acquisition, Inc.*, 23 F.3d at 1026). The parties—and the Court—agree that the complete dismissal of the NextEra Defendants "disposes of one or more but fewer than all of the claims or parties" in this matter. *Gen. Acquisition, Inc.*, 23 F.3d at 1026. (*See also* Doc. No. 69-1 at PageID# 1049; Doc. No. 72 at PageID# 1071.) Thus, the Court finds that the first requirement for Rule 54(b) certification is met.

With respect to the second prong, whether no just reason for delay exists, this Court must "balance the needs of the parties against the interests of efficient case management." *Gen. Acquisition, Inc.*, 23 F.3d at 1027. "By limiting interlocutory appeals under Rule 54(b) to 'infrequent harsh case[s],' courts can alleviate hardship resulting from unnecessary delay without undermining 'the historic federal policy against piecemeal appeals.'" *Id.* The Sixth Circuit has articulated the

3

following non-exhaustive list of factors which district courts should consider when making a Rule 54(b) determination:

> (1) [T]he relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Corrosioneering*, 807 F.2d at 1283.

APA argues primarily that delaying its appeal of the NextEra Defendants' dismissal risks doubling the use of judicial resources. (Doc. No. 69-1 at PageID# 1050.) APA argues that if it must finish its case as to Rosendin, only to have the NextEra Defendants' dismissal later reversed on appeal, APA would have to "re-do" the entire case, no matter what result it obtained with respect to Rosendin. (*Id.*) APA also argues that each of the factors outlined in *Corrosioneering* support certification of its appeal as to the NextEra Defendants' dismissal, because its contractual and unjust enrichment claims against the NextEra Defendants are separate and distinct from its remaining claims against Rosendin. (*Id.* at PageID# 1050-52.) According to APA, allowing it to appeal the NextEra Defendants' dismissal now would not interfere with APA's ongoing case against Rosendin. (*Id.*)

Defendants disagree. Defendants argue that the first, second, and fifth factors described in *Corrosioneering* weigh heavily against Rule 54(b) certification. First, Defendants argue that any liability on the part of the NextEra Defendants is necessarily derivative of a finding on the merits that Rosendin is liable. (Doc. No. 72 at PageID# 1072-74.) Moreover, Defendants argue that if this Court eventually determines that Rosendin did not breach the contract and is not liable to APA for the cost

4

overruns, then APA's appeal against the NextEra Defendants becomes moot.  (*Id.* at PageID# 1073.)  Finally, Defendants argue that granting APA's instant Motion will further delay ultimate resolution in a dispute that traces its roots to a 2017 construction project.  (*Id.*)

The Court agrees with Defendants that the first, second, and fifth factors set forth in *Corrossioneering* weigh against Rule 54(b) certification.  As an initial matter, it is important to note that the Sixth Circuit places significant weight on the first factor, i.e., the relationship between the adjudicated and unadjudicated claims.  *See Reed*, 2016 WL 3963187, at *8; *see also Lowery v. Fed. Express Corp.*, 426 F.3d 817, 822-23 (6th Cir. 2005) (the "interrelationship of the claims themselves weighs heavily against certification under Rule 54(b)"); *see also Baden-Winterwood v. Life Time Fitness*, No. 2:06-CV-99, 2007 WL 2326877, at *5 (S.D. Ohio Aug. 10, 2007).  In *Lowery*, the Sixth Circuit explained that "the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal."  *Lowery*, 426 F.3d at 823; *see also QSI-Fostoria DC, LLC v. Gen. Elec. Capital Bus. Asset Funding Corp.*, No. 3:02-CV-7466, 2008 WL 163605, at *6 (N.D. Ohio Jan. 16, 2008) ("Practical considerations caution against granting [cross-complainant] BACM's motion to certify its claim for breach of the Assignment.  While the claims may not be similar enough to BACM's remaining claims to be considered parts of the same claim, they share a common factual background that is complicated, but necessary to their understanding.").

Here, the Court finds that the adjudicated and unadjudicated claims are interrelated, and not entirely "separate and distinct" as APA alleges.  With respect to APA's adjudicated third-party beneficiary claim, APA alleges that the NextEra Defendants should be liable for Rosendin's breach of the subcontract. (Doc. No. 45 at PageID# 672.)  However, if the Court ultimately determines that

5

Rosendin is not liable for breach of the subcontract, it follows that the NextEra Defendants are not liable as third-party beneficiaries. Thus, these adjudicated and unadjudicated claims are interrelated. *See Corrosioneering, Inc.*, 807 F.2d at 1284 ("For example, a 'separate and distinct' issue of contribution or indemnification would likely be unsuitable for Rule 54(b) certification if the related issue of liability, on which the contribution or indemnity would depend, was yet to be resolved in the district court, because a finding on the liability issue in the district court could moot the need for review of the question of contribution or indemnification.").

Similarly, the Court finds that the first factor also weighs against certification when the Court considers whether APA's adjudicated unjust enrichment claim against the NextEra Defendants is related to its remaining unadjudicated claims against Rosendin. APA argues that its unjust enrichment claim rests on the NextEra Defendants' "status as owner of the construction project at issue," which is a separate consideration from APA's breach of contract claim against Rosendin. (Doc. No. 69-1 at PageID# 1050-51.) According to APA, the NextEra Defendants should be liable for unjust enrichment because they benefited from extra work that APA performed beyond the scope of work found in the Rosendin-APA subcontract. (Doc. No. 74 at PageID# 1084; *see also* Doc. No. 45 at PageID# 673-74.) However, the issues at the heart of APA's adjudicated unjust enrichment claim against the NextEra Defendants and unadjudicated breach of contract claim against Rosendin "are nevertheless 'related.'" *Corrosioneering*, 807 F.2d at 1284. This is because the Rosendin-APA subcontract—including its scope of work provisions—remains at issue in APA's unadjudicated breach of contract claim against Rosendin. Indeed, APA's remaining breach of contract claim seeks recovery against Rosendin for the same excavation cost overruns that APA sought against the NextEra Defendants in its unjust enrichment claim. (Doc. No. 45 at PageID# 673.) And while it

6

remains unknown whether APA will prevail on its breach of contract claim against Rosendin, if Rosendin is liable and fully compensates APA for the excavation cost overruns, then APA cannot seek the same compensation against the NextEra Defendants through its unjust enrichment claim because APA cannot enjoy a double recovery on its losses. *See, e.g., Johnson v. Howard*, 24 F. App'x 480, 484 (6th Cir. 2001). Thus, the adjudicated unjust enrichment claim is sufficiently related to the unadjudicated breach of contract claim. The Court is persuaded that any appeal of NextEra Defendants' dismissal "should await adjudication of the entire case so that in a unified appeal the appellate tribunal could address" Rosendin's liability first "and proceed to the" question of the NextEra Defendants' liability "if necessary." *Corrosioneering, Inc.*, 807 F.2d at 1284.

Further, the Court finds that the second factor, the "potential for a challenged ruling to be mooted by subsequent developments in the district court," also weighs against Rule 54(b) certification. *Gen. Acquisition, Inc.*, 23 F.3d at 1031. First, as noted above, with respect to APA's adjudicated third-party beneficiary claim, APA's appeal of the NextEra Defendants' dismissal would become moot if Rosendin is not ultimately liable for breach of contract. *Id.*

Second, it is also possible that APA's appeal of the dismissal of its unjust enrichment claim against the NextEra Defendants could become moot. Defendants argue that if Rosendin was found liable and any damages owed to APA were paid in full from the existing bond held by the Clerk of Court of Common Pleas in Wayne County, Ohio, the appeal against the NextEra Defendants would also become moot because APA could not doubly recover on its claims. (Doc. No. 72 at PageID# 1073; *see also* Doc. No. 62 at PageID# 997.) APA argues that it will eventually have to appeal the NextEra Defendants' dismissal, unless Rosendin or Federal "promptly pay" any judgment that APA recovers. (Doc. No. 74 at PageID# 1085.) The Court agrees with Defendants. As discussed *supra*,

7

if APA receives a full judgment against Rosendin for Rosendin's breach of the subcontract, and Rosendin fully compensates APA for any damages stemming from the extra excavation costs (whether through the state court bond or other means of compensation), APA would be prevented from double recovery against the NextEra Defendants for the same cost overruns. As a result, there is the potential that an appeal of the NextEra Defendants' dismissal would be mooted by subsequent developments in this Court. Thus, the second factor weighs against certification as well.

Finally, the fifth factor, which relates to miscellaneous concerns "such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like," weighs against certification here. *Gen. Acquisition, Inc.*, 23 F.3d at 1030. APA insists that delaying its appeal of the NextEra Defendants' dismissal risks "doubling the use of judicial resources." (Doc. No. 69-1 at PageID# 1050.) If APA must litigate its entire case against Rosendin before appealing the NextEra Defendants' dismissal, only to have the NextEra Defendants' dismissal reversed, then APA would have to "re-do" its entire case, irrespective of the result it obtained with respect to Rosendin. (*Id.*) The Court disagrees that this possibility rises to the level of "exceptional circumstances" that justify Rule 54(b) certification. *See, e.g., Marcilis v. Redford*, No. 09-11624, 2011 WL 284466, at *4-5 (E.D. Mich. Jan. 25, 2011) (finding that Rule 54(b) certification was proper in this "exceptional" case because, among other reasons, "Defendants are already seeking appellate review on the denial of qualified immunity with respect to Plaintiffs' failure to knock and announce claim. Thus, since the Court of Appeals will be reviewing this case's set of facts during Defendants' appeal, judicial[ ] economy is only further served by certifying Plaintiffs' issues for appeal.") Rather, as discussed *supra*, APA's adjudicated and unadjudicated claims remain too closely related to split into piecemeal appeals. *See Baden-Winterwood*, 2007 WL 2326877, at *5 ("The general rule

8

disfavoring piecemeal federal appellate review allows only *truly separable* claims to be presented for review while others in the same case remain pending.") (emphasis added). Granting certification would further delay litigation of APA's remaining claims against Rosendin (which stem from a dispute that is already three years old) and would actually result in the spending of judicial resources on an appeal that could be rendered moot by the ultimate resolution in this court.

The cases APA cites to support its judicial economy arguments are distinguishable. In *Twinsburg Apartments, Inc. v. Akron Metropolitan Housing Authority*, whether the Department of Housing and Urban Development ("HUD") should be added as a necessary party to the Akron Metropolitan Housing Authority's ("AMHA") counterclaim for declaratory relief was a jurisdictional question that did not implicate the merits of the underlying claims, unlike in the case at bar. *Twinsburg Apartments, Inc. v. Akron Metropolitan Housing Authority.*, No. 5:04-CV-2173, 2006 WL 6584398, at *2 (N.D. Ohio Feb. 8, 2006). Further, the plaintiffs had already moved for—and the court had granted—a stay of the underlying proceedings pending the resolution of other cases involving HUD in the Court of Federal Claims. *Id.* Thus, unlike here, there was no just reason to delay AMHA's appeal as the underlying matter was already stayed. *Id.* In *EA Mgmt. v. JP Morgan Chase Bank, N.A.*, the parties were differently situated because the parties agreed to dismiss any remaining unadjudicated counter-plaintiff and third-party plaintiff claims with prejudice if the Sixth Circuit affirmed the district court's initial dismissal of the plaintiff's complaint on immediate appeal. *EA Mgmt. v. JP Morgan Chase Bank, N.A.*, No. 2:07-cv-11629, 2009 WL 3335280, at *1 (E.D. Mich. Oct. 15, 2009). Thus, the *EA Mgmt.* court reasoned that its Rule 54(b) certification served the interests of judicial economy because an immediate appeal of its dismissal of plaintiff's complaint could resolve the entire case if the Sixth Circuit affirmed the district court's initial dismissal order. *Id.* No

9

such agreement exists here. Finally, as referenced *supra*, the exceptional circumstances in *Marcilis* do not exist here.

The Court finds that factor three (the possibility that a reviewing court may consider the same issue a second time) and factor four (the absence of any counterclaims or affirmative defenses on the NextEra Defendants' part that may result in a set-off) weigh in favor of certification. Both parties—and the Court—agree that there is little risk that the appellate court will need to hear duplicative appeals over whether APA has stated claims against the NextEra Defendants upon which relief can be granted. (*See* Doc. No. 72 at PageID# 1073; *see also* Doc. No. 74 at PageID# 1086.) Further, the NextEra Defendants have not brought a counterclaim against APA that could result in a set-off.[1] (Doc. No. 69-1 at PageID# 1051.)

When weighed collectively, however, the Court finds that the factors weigh against certification. *See Roe v. Amazon.com,* No. 3:15-cv-111, 2016 WL 4035523, at *2 (S.D. Ohio Jul. 27, 2016) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 n.2 (1980)) ("The court is free to weigh the factors unequally based on a case-by-case basis and need not find that each factor favors certification in order to grant it."). The Court does not see this "as the infrequent harsh case in which final certification should be granted." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 62 (6th Cir. 1986). Accordingly, the Court denies APA's Motion.

**III.    Conclusion**

For the reasons set forth above, APA's Motion for Rule 54(b) Certification (Doc. No. 69) is DENIED.

---

[1] Defendants point out that Rosendin has a "counterclaim against APA for delay and ongoing fees associated with Rosendin's provision of a bond to discharge a lien filed by one of APA's subcontractors." (Doc. No. 72 at PageID# 1073.) The Court agrees with APA that *Rosendin*'s counterclaim is not relevant with respect to the dismissal of APA's claims against the *NextEra Defendants*. (Doc. No. 74 at PageID# 1086.)

**IT IS SO ORDERED.**

Date: October 15, 2020

      *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE